# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **MOXCHANGE LLC**, | |
| Plaintiff, | C.A. No. 1:20-cv-01126-LPS |
| v. | |
| **PROXIM WIRELESS CORPORATION**, | JURY TRIAL DEMANDED |
| Defendant. | |

## PROXIM'S RULE 12(c) MOTION FOR JUDGMENT OF NON-INFRINGEMENT ON THE PLEADINGS

Defendant Proxim Wireless Corporation ("Proxim"), by and through its undersigned attorneys, respectfully moves for the Court's grant of Proxim's Rule 12(c) Motion for Judgment of Non-Infringement on the Pleadings. The grounds for this motion are set forth in Proxim's Opening Brief in Support, which is being filed contemporaneously with this Motion.

Dated: December 21, 2021

/s/ Kenneth L. Dorsney
Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com
　　　　-and-
Bart A. Starr
HILGERS GRABEN PLLC
Admitted *pro hac vice*
600 17th Street, Suite 2800
Denver, Colorado 80202
(720) 987-0899
bstarr@hilgersgraben.com

*Attorneys for Proxim Wireless Corporation*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **MOXCHANGE LLC**, | |
| Plaintiff, | C.A. No. 1:20-cv-01126-LPS |
| v. | |
| **PROXIM WIRELESS CORPORATION**, | JURY TRIAL DEMANDED |
| Defendant. | |

**[PROPOSED] ORDER**

Now pending before the Court is Defendant Proxim Wireless Corporations' Rule 12(c) Motion for Judgment of Non-Infringement on the Pleadings. Having reviewed the motion and all related briefing, the Court finds good cause exists to grant the Motion. Accordingly, it is:

**ORDERED** this _____ day of _____, 202__, that Proxim Wireless Corporations' Rule 12(c) Motion for Judgment of Non-Infringement on the Pleadings is **GRANTED**, and the Court hereby**:**

(1) Dismisses with prejudice under Fed. R. Civ. P. 12(c) Moxchange's Amended Complaint (D.I. 15) and Moxchange's single count (Count I) of direct infringement of claim 1 of the '664 Patent (*see* D.I. 15 at ¶ 20);

(2) Orders and enters judgment that Moxchange has not sufficiently pleaded under Rule 12(c) that Proxim infringes or has infringed method claim 1 of the '664 Patent by selling, offering to sell, making, or importing the Accused Instrumentality or any other product;

(3) Order and enters judgment that Moxchange has not sufficiently pleaded under Rule 12(c) that Proxim infringes or has infringed method claim 1 of the Patent by using, testing, or performing the method recited in claim 1 of the Patent;

(4) Orders and enters judgment that, to the extent Moxchange has sufficiently pleaded direct infringement of independent method claim 1 of the '664 Patent by virtue of Proxim's own alleged use, testing, or performance of the method recited in claim 1, this case, discovery, trial, and Moxchange's patent-infringement theory, patent allegations, damages model, damages theory, monetary demand, and monetary award (if any) be limited to and based solely upon such use, testing, or performance by Proxim and not upon Proxim's manufacture, sales, offers to sell, or importation of the Accused Instrumentality, consistent with Moxchange's own infringement allegation and damages request (*See* D.I. 15 at ¶¶ 20, 27); and

(5) Denies any request or motion by Moxchange for leave to *further* amend its complaint against Proxim, given: (1) that the deadline for motions to amend the pleadings has passed, pursuant to the Court's Scheduling Order (*see* D.I. 21 at 2); (2) the numerous opportunities for Moxchange to investigate Proxim's allegedly-infringing acts and to revisit, supplement, or amend its complaint(s) to attempt to allege indirect, induced, contributory, or joint infringement; and (3) the fact that this case and Moxchange's infringement investigation and theories have been or should have been ongoing, focused, and refined during the 15 months since Moxchange initiated this action against Proxim.

_____
**UNITED STATES DISTRICT COURT JUDGE**